**UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION AT LEXINGTON**

| | |
|---|---|
| **UNITED STATES OF AMERICA,** | **CRIMINAL NO. 5:24-71-KKC-MAS-1** |
|     **Plaintiff,** | |
| **v.** | **OPINION AND ORDER** |
| **ALEJANDRO GALVAN GOMEZ,** | |
|     **Defendant.** | |

This matter is before the Court on the government's objection (R. 145) to the Magistrate Judge's order (R. 144), which set this matter for an evidentiary hearing.

Defendant Alejandro Galvan Gomez pleaded guilty to conspiring to distribute five kilograms or more of cocaine, possessing the same amount of cocaine with intent to distribute it, and conspiring to launder drug proceeds. By judgment dated June 2, 2025 (R 68), Judge Danny Reeves sentenced him to 336 months in prison. This was within the calculated Guidelines range of 324 to 405 months. Gomez appealed but then voluntarily dismissed the appeal. (R. 117.)

He has now filed a motion to vacate his sentence under 28 U.S.C. § 2255. (R. 128.) He asserts that his trial counsel Noel Caldwell was ineffective in various ways. Relevant to this opinion is Gomez's assertion that Caldwell threatened to resign as Gomez's attorney if Gomez did not plead guilty.

With the order at issue here, Magistrate Judge Hanly Ingram set this matter for an evidentiary hearing. An evidentiary hearing on a § 2255 motion is required "[u]nless the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief …." 28 U.S.C. § 2255(b). The burden is on the petitioner to establish his right to a hearing, and that burden is "relatively light." *Turner v. United States,* 183 F.3d 474, 477 (6th Cir. 1999).

In a sworn declaration, Gomez stated that Caldwell "demanded that I sign the [plea] agreement, and told me that if I didn't, he would resign, and that I would have to sign a paper allowing him to resign." (R. 128-1 Dec. ¶ 17.) He states that he was induced to sign the plea agreement in part by Caldwell's threats to resign. (*Id*. at ¶ 18.)

The magistrate judge set this for a hearing citing a Third Circuit case holding that "a threat by a defendant's attorney to withdraw from the case if the defendant does not plead guilty may render a guilty plea involuntary." *Heiser v. Ryan*, 951 F.2d 559, 561 (3rd Cir. 1991) (citing *Downton v. Perini*, 511 F.Supp. 258, 259, 264–66 (N.D.Ohio 1981)). "This is true notwithstanding the mitigating effect of an attorney's assurance that new counsel would be appointed if the defendant insisted on proceeding to trial." *Id*.

The government argues that a hearing is not required. It cites a Fifth Circuit case holding that "the attorney has the right to ask the court to allow him to withdraw as counsel and have another counsel appointed if the client refuses to plead." *Uresti v. Lynaugh*, 821 F.2d 1099, 1102 (5th Cir. 1987). Even under *Uresti*, however, the state habeas court conducted a "hearing by affidavit." *Id.* at 1101. The trial counsel's affidavit in that case set forth the precise nature of his communications with the defendant prior to the plea. Counsel stated that he told the defendant about a plea offer of 35 years from the government, which was down from an original offer of 60 years. Defendant stated he wanted to think it over for a few days, but counsel feared the offer would be withdrawn in the meantime or that jailhouse lawyers would give defendant some bad advice. This is why counsel told defendant that, if defendant did not take the 35-year deal on that day, the attorney would ask the court's permission to withdraw and to appoint new defense counsel. Counsel stated that he did not yell or laugh at defendant, but he used "what persuasion he could reasonably muster" to convince the defendant to plead guilty. *Id*. at 1101.

With that knowledge of the attorney-client communications at issue, the Fifth Circuit was able to "emphasize[]" that counsel did not threaten "'abandonment' and no representation." *Id*. at 1102. The court was further able to find the following about the communications:

> We have here an attorney who on the record is acting in good faith and affording sound representation when he decides that a client should plead guilty under a plea bargain. The client indicates doubt. Without question, the attorney has the right to ask the court to allow him to withdraw as counsel and have another counsel appointed if the client refuses to plead. He has given his best advice. He thinks the insistence of his client that the case go to trial is foolhardy. He has done what he can, and he wants to ask to be relieved so that another attorney more sympathetic to trial be appointed in his stead.

*Id*. at 1102.

Here, there is no similar evidence before the Court regarding the nature of the attorney-client communications at issue.

The government also argues that Gomez is bound by his statements at the rearraignment that his plea was voluntary and not caused by any threats or promises not contained in the agreement. The government cites the Sixth Circuit's decision in *Ramos v. Rogers*, 170 F.3d 560 (6th Cir. 1999), which states "a defendant must be bound to the answers he provides during a plea colloquy." *Id.* at 566.

*Ramos*, however, did not involve a defendant's allegation that he was coerced into signing a plea agreement. It involved the defendant's allegation that his attorney told him the agreement contained terms beyond those set forth in the written agreement. The court noted prior caselaw holding that "where Rule 11 procedures were fully adequate, absent extraordinary circumstances, or some explanation of why defendant did not reveal other terms, at least when specifically asked to do so by the court, *a defendant's plea agreement consists of the terms revealed in open court*. . . ." *Id.* at 563 (quoting *Baker v. United States*, 781 F.2d 85, 90 (6th Cir. 1986)). The court held that

"a claim of ineffective assistance of counsel predicated on allegedly misleading information given by counsel about the terms of a plea agreement *can never constitute* an 'extraordinary circumstance' under *Baker* when the court conducts a proper, clear, and thorough plea colloquy." *Id*. at 565. This is because a proper plea colloquy cures any misunderstanding the defendant had about the terms of his plea. *Id*. at 565.

At issue here, however, is not the allegation that counsel gave Gomez misleading information about the terms of the plea agreement, but instead the allegation that counsel coerced Gomez to plead guilty in the manner by which he threatened to withdraw from representing Gomez.

The only other case by the Sixth Circuit Court of Appeals cited by the government is *United States v. Brown*, 96 F. App'x 380 (6th Cir. 2004). That case involved an allegation by the defendant that her guilty plea was improperly coerced by prosecutorial misconduct. The case was not a habeas proceeding but a direct appeal. Thus, the court was limited to the trial court record; an evidentiary hearing on the issue was not possible. The court held that "the record reflects that the plea was voluntarily, knowingly and intelligently made. Thus, [defendant] is now bound by her responses given under oath to the court's inquiries regarding the knowledge and voluntariness of her plea." *Id*. at 383.

Because the case was on direct appeal, the court was limited to the evidence in the record. The court noted, however, that an ineffective assistance of counsel claim was "more properly raised in a motion to vacate under 28 U.S.C. § 2255." *Id*. at 383. The court further noted that such proceedings may include an evidentiary hearing. *Id*.

The only issue here is whether the magistrate judge erred in setting an evidentiary hearing. Without any clear binding authority indicating that the Court should not conduct an evidentiary

hearing under these circumstances, the Court cannot find that the magistrate judge erred. Further, a hearing will allow the Court and the parties to gain a more complete understanding of the attorney-client communications at issue.

For all these reasons, the Court hereby ORDERS that the government's objection (R. 145) to the magistrate judge's order setting this matter for an evidentiary hearing is OVERRULED.

\*\*\*\*\*\*\*\*

This 18th day of June, 2026.

Signed By:

_Karen K. Caldwell_  KKC

**United States District Judge**